IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.: 1:19-cr-439 |
| Plaintiff, | ) | |
| | ) | JUDGE ADAMS |
| v. | ) | |
| | ) | |
| RAYMOND MILLER | ) | SENTENCING MEMORANDUM |
| | ) | |
| Defendant. | ) | |

**FACTS**

On May 13, 2106, the Defendant was released from Federal Correctional Institution McKean to the Oriana House Residential Reentry Release Center for a projected release date of February 8, 2017. PSR, ¶4.

Mr. Miller was able at times to leave the Oriana House, but would be required to wear an electronic monitoring device, i.e. an ankle bracelet.

According to Mr. Miller, on December 29, 2016, the Oriana House Supervisor called Raymond Miller informing him that the battery on his ankle bracelet was 50% dead. According to Mr. Miller, he was to make arrangements to come in and have it replaced. On December 30, 2016, Raymond Miller called Orianna House. This was a holiday weekend.

1

According to Mr. Miller, Orianna House staff told Raymond Miller that staff had a meeting and were too busy to meet, due to the holiday. According to Mr. Miller, Oriana staff said that the monitor would be fine until Monday, January 2, 2017.

According to Oriana House records, Mr. Miller left his residence to attend church. PSR, ¶5. Mr. Miller failed to return home after the church services and the battery on his electronic monitoring equipment died. PSR, ¶5.

Local police officers obtained a statement from Raymond Miller's wife that she and Mr. Miller were committing burglaries. PSR, ¶8. Law Enforcement tracked down Mr. Miller to his home. Law enforcement believed Raymond Miller was in his home. Law enforcement obtained a warrant. PSR, ¶11. Detectives forced entry into his apartment where Mr. Miller surrendered to law enforcement.  PSR, ¶12.

Raymond was taken into State custody and appeared before the Geauga County Common Pleas Court. According to the PSR, the convictions in Geauga County were:

Engaging in a pattern of corrupt activity
Burglary (7 counts)
Theft (4 counts)
Attempted Burglary
Grand Theft (3 counts)
See, PSR, ¶47.

Raymond Miller pled guilty, was convicted and sentenced by the Geauga County Common Pleas Court to "20 years custody." PSR, ¶47.

Subsequently, Mr. Miller was also sentenced in another State case in Portage County Common Pleas Court. The Portage County Court sentenced Mr. Miller on March 26, 2018 to 5 years to run concurrent with the above sentence of 20 years by the Geauga Common Pleas Court. PSR, ¶48.

While serving, in a state facility, 20 years from Geauga County and 5 years from Portage County, concurrently, the Government indicted Raymond Miller with "escape." 18 USC Sec.751(a); See, Indictment, Filing date of July 23, 2019. Raymnd Miller pled guilty to escape and accepted responsibility. PSR, ¶16 and 25.

ARGUMENT

The sentence in this federal escape case should run concurrent with the 20 year sentence meted out in the Geauga County Common Pleas Court case and concurrent with the 5 year sentence in the Portage County Common Pleas Court case.

> "...The Court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in Section 3553(a)..." See, 18 USC 3584(a).

"The defendant stated most of his family has been drug addicted since he was a child. The defendant's parents were in and out of custody during his childhood, and he was passed from family member to family member. The defendant stated that by the age of 11, his stepfather and uncle used him to commit burglaries. They boosted him up through the windows to facilitate the burglaries. Between the ages of 10 and 14, the defendant's mother and aunts

3

made him push shopping carts full of merchandise out of stores. The defendant reported that he was physically abused by a neighbor when he was 13 years old. He stated that the same neighbor also tried to rape him but he was able to defend himself. At the age of 14, the defendant was arrested for multiple burglaries and incarcerated for one year in a juvenile facility. He was released and shortly after was arrested for multiple burglaries. He again spent one year in a juvenile facility." PSR, ¶56.

At the age of 10 Ray first smoked marijuana with his uncle. At age 14 Ray became addicted to cocaine. In 1998, Ray started using heroin and overdosed multiple times from heroin use. PSR, ¶ 60-61.

At an early age Raymond Miller was exposed to criminal activity such as theft, burglary and illegal drug activity from the people closest to him. It's not surprising that as an adult, Raymond Miller continued this same type of criminal activity.

Raymond Miller spent a significant amount of time incarcerated. See, PSR, ¶29-48.

While incarcerated in 2006, Ray was diagnosed with anxiety disorder, separation disorder and depression. PSR, ¶59. 18 USC 3553(a)(d).

The "enterprise" for which Raymond was convicted of in Geauga County consisted of the Raymond Miller and his wife. The crimes within the enterprise were burglaries and theft cases. All crime is serious. However, the "enterprise" consisted of Raymond Miller and his wife. The enterprise did not generate a lot of money.

4

As for Miller's education and training, these crimes were the only occupation he was trained in. Had Raymond had any proper parental guidance, Raymond Miller's life would be so different.

When trained, Mr. Miller is able to maintain a job. While in the Lorain Prison, Ray has earned a job mentoring new/young inmates. Ray teaches these young inmates banking and checking. If he is properly trained, Raymond can be taught to be a productive citizen. 18 USC 3553 (a)(2).

The "escape" from the Oriana House enabled Ray to commit the burglary cases while on escape status. Although not an excuse, no physical injury was committed in any of the cases, including this case. The nature and circumstances of the prior offenses are non-violent. See, PSR ¶47-48. 18 USC 3553 (a)(1).

The Portage County Judge in the case, described in PSR, ¶48, understood that the Portage County offense was part of the Geauga case where Raymond was sentenced to 20 years. PSR, ¶47-48. The Portage County Judge ran the 5 year sentence in Portage County, concurrent with the Geauga County Case.

A conviction of murder in Ohio is 15 years to life. See, ORC 2929.02. A conviction in Ohio for voluntary manslaughter is 3-11 years. See, ORC 2903.03 and 2929.14(A)(1)(a)and(b). The maximum sentence for felonious assault is 8 years and aggravated assault is 18 months.

An additional sentence for escape to the 20 year State case by running the escape sentence consecutively does not promote respect for the law. A consecutive sentence in this

case makes the sentence excessive and promotes disrespect to the law. A consecutive sentence on this escape case would provide unjust punishment for the offense. 18 USC 3553 (a)(2)(A)

Mr. Miller is 49 years old. See, page 2 of PSR. When the sentence of 20 years over, Raymond Miller will be 69 years old.

The State Sentence of 20 years for Engaging in a Pattern of Corrupt Activity amounts close to a life sentence, if not a life sentence. A life sentence plus a sentence for escape is excessive.

Running the sentence in this federal escape case concurrent to the 20 year sentence of the state cases would  protect of the public.  18 USC 3553(a)(2)(C).

Raymond is now on a waiting list for the drug program at Lorain Correctional Institution. PSR, ¶61. Raymond has the time to attend the drug program. Ray earned his GED while incarcerated at Marion Correctional Institution, and he expressed an interest in continuing job training as an auto mechanic. PSR, ¶62. Raymond Miller is trying to become a contributing citizen.

The sentencing guidelines are advisory. <u>United States v. Booker</u>, 543 U.S. 20, 245 (2005).

Guideline 5G1.3 (d) recommends that "the instant offense may be imposed to run concurrently, partially concurrently or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG 5G1.3(d). Adding another sentence consecutive to a 20 year sentence constitutes an unreasonable punishment.

Miller's state supervision was revoked and he pled guilty to engaging in corrupt activity and burglaries and thefts that were the corrupt activity. Miller was then sentenced to 20 years in the state system.  Miller then  pled guilty to this case of escape. This Court has the authority to run the sentence concurrently. 18 USC 3584. Based on the factors set forth in 18 USC 3553(a), the Court should run Miller's sentence concurrent with the  Portage and Geauga sentences.

Respectfully submitted,

*/s/Joseph W. Gardner*
JOSEPH W. GARDNER #0033400
19 E Front St.
Youngstown, OH 44503
Phone:  (330) 533-1118
Fax:     (330) 743-6323
JWG1118@gmail.com
Attorney for Defendant

**CERTIFICATION**

I hereby certify that on February 28, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular US mail.  Parties may access this filing through the Court's system.

*/s/Joseph W. Gardner*
JOSEPH W. GARDNER #0033400
Attorney for Defendant